1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **APRIL POWELL,** | **CASE NO. 1:16-cv-01197-AWI-SKO** |
| **Plaintiff** | **ORDER GRANTING DEFENDANT UNUM'S MOTION TO DISMISS** |
| **v.** | |
| **UNUM LIFE INSURANCE COMPANY OF AMERICA, a Delaware Corporation, UNUM GROUP, a Delaware Corporation, FRESNO PACIFIC UNIVERSITY, a California Corporation, and DOES 1-20, inclusive,** | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S REQUEST FOR LEAVE TO AMEND** |
| **Defendants** | |

## I. Introduction

Plaintiff April Powell ("Plaintiff") is a now-disabled, former employee of Fresno Pacific University ("FPU"). Plaintiff sought long term disability ("LTD") insurance benefits and waiver of life insurance premium ("LWOP") benefits from Unum Group and Unum Life Insurance Company of America ("Unum"). Unum approved Plaintiff's LTD benefits claim but characterized her disabling medical condition in a manner that limits LTD benefits to twenty four months. That twenty four month period has run and Unum has terminated benefits. Plaintiff remains disabled and claims continuing entitlement LTD benefits. She has alleged claims for

1

breach of contract against Unum, breach of the covenant of good faith and fair dealing against Unum, and breach of fiduciary duty against FPU.

Unum has filed a motion to dismiss contending that the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. ("ERISA"), governs this action and provides the exclusive remedy for Plaintiff to recover any benefits due under the terms of her plan. As a result, Unum contends, Plaintiff's state law causes of action are preempted. Plaintiff has filed an opposition, agreeing that her state law causes of action are preempted by ERISA. However, Plaintiff suggests that her state law claims are only preempted insofar as *Rollins v. Dignity Health*, --- F.3d ----, 2016 WL 3997259 (9th Cir. July 26, 2016), is good law. Plaintiff further suggests that the Court should permit her to amend her claim in anticipation of Ninth Circuit *en banc* review and reversal of *Rollins* or Supreme Court review and reversal of *Rollins*. Unum opposes Plaintiff's suggested outcome.

For the following reasons, Unum's motion to dismiss Plaintiff's state law claims will be granted. Plaintiff will be granted leave to amend only as to the ERISA causes of action set forth in her proposed First Amended Complaint ("FAC").

## II. Background[1]

Plaintiff was enrolled in a LTD policy and a Life policy with Unum as a benefit of her employment with FPU. Complaint, Doc. 1-1 ("Compl.") at ¶ 10. FPU is a "University … established by a church group." Compl. at ¶ 15. In 2013, FPU elected for ERISA to govern its employee health and welfare benefit plan. RJN, Exh. A, Doc. 10-1 at 2-3.[2]

In April of 2012 Plaintiff became disabled due to symptoms including "headaches, vertigo, fatigue, cognitive impairment, and anxiety[,] arising from a stroke … suffered on October 6, 2010. Compl. at ¶ 12. On December 13, 2013, Unum approved Plaintiff's claim for

---

[1] The background portion of this order relies upon the allegations set forth in Plaintiff's complaint, the documents incorporated therein, and the documents subject to judicial notice.

[2] The Court "may judicially notice a fact that is not subject to reasonable dispute because it … can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "Records of state [and federal] agencies and other undisputed matters of public record" are the appropriate subject of judicial notice. *Disabled Rights Action Committee v. Las Vegas Events, Inc.*, 375 F.3d 861, 866 n.1 (9th Cir. 2004) (citing, *inter alia*, *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001)). The "Annual Return/Report of Employee Benefit Plan (Form 5500)" filed with the Internal Revenue Service by Fresno Pacific University is the appropriate subject of judicial notice. Unum's request for judicial notice is granted.

2

1    LTD benefits. Compl. at ¶ 13. Unum characterized Plaintiff's disability as a medical condition of

2    major depressive disorder and anxiety disorder. Compl. at ¶ 13. The impact of that

3    characterization was that Plaintiff was limited to twenty four months of LTD benefits. Compl. at

4    ¶ 13. Unum paid LTD benefits for twenty four months and have now ceased paying LTD

5    benefits despite Plaintiff's ongoing disability.

6                                    **III. Discussion**

7    <u>1) Does FPU provide an employee welfare benefit plan governed by ERISA?</u>

8           As the *Rollins* court recited, "Congress enacted ERISA to protect 'the interests of

9    participants in employee benefit plans and their beneficiaries by setting out substantive

10   regulatory requirements for employee benefit plans….'" *Rollins,* 2016 WL 3997250 at *2

11   (quoting *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004)). If an employer establishes or

12   maintains an employee welfare benefit plan,[3] that employer is required do so in compliance with

13   ERISA requirements unless the employer is exempt. *See* 29 U.S.C. § 1003(a). An exemption

14   exists for "church plans"—plans "established and maintained by a church … which is exempt

15   from tax under section 501 of Title 26," 29 U.S.C. §§ 1102(33), 1103(b)(2), unless the church

16   elects to have its plan governed by ERISA, 29 U.S.C. § 1103(b)(2), 26 U.S.C. § 410(d)(1).

17          It is undisputed in this action that FPU, through the Unum policies, provided its

18   employees with long-term disability insurance and life insurance benefits. Those policies make

19   up FPU's employee welfare benefit plan within the meaning of section 1102(1) of Title 29.

20   Assuming, without deciding, that FPU would be eligible for the "church plan" exemption of

21   section 1103(b)(2), FPU's voluntary election to be governed by ERISA is controlling. FPU's

22   employee welfare benefit plan is governed by ERISA requirements.

23   *///*

24   *///*

25   ────────────────────────
     [3] An "employee welfare benefit plan" comprises "any plan, fund, or program ... established or maintained by an
26   employer or by an employee organization, or by both, ... for the purpose of providing for its participants or their
     beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or
27   benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or
     other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit
28   described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such
     pensions)." 29 U.S.C. § 1002(1).

                                         3

1  2) Are Plaintiff's common law claims preempted by ERISA?

2      "ERISA contains one of the broadest preemption clauses ever enacted by Congress."

3  *Joanou v. Coca-Cola Co.*, 26 F.3d 96, 99 (9th Cir. 1994) (internal quotation marks omitted).

4  "Under § 514(a), ERISA broadly 'preempts any and all State laws insofar as they may now or

5  hereafter relate to any [covered] employee benefit plan ....' " *Fossen v. Blue Cross & Blue Shield*

6  *of Mont., Inc.*, 660 F.3d 1102, 1108 (9th Cir. 2011) (alterations in original) (quoting 29 U.S.C. §

7  1144(a)). "In analyzing a state law cause of action…, 'the focus is whether the claim is premised

8  on the existence of an ERISA plan, and whether the existence of the plan is essential to the

9  claim's survival.'" *Johnson v. Lucent Technologies Inc.*, --- F.Appx. ----, 2016 WL 5390352, *2

10  (9th. Cir. Sept. 27, 2016) (quoting *Providence Health Plan v. McDowell*, 385 F.3d 1168, 1172

11  (9th Cir. 2004)). In short, if the state law claim is premised on a plan governed by ERISA, it is

12  preempted. *E.g.*, *Bui v. American Telephone & Telegraph Co., Inc.*, 310 F.3d 1143, 1152 (9th

13  Cir. 2002) ("ERISA preempts [an insured's] contract claims. These claims do not merely

14  reference the ERISA plan, they require its construction because the contract allegedly breached

15  is the ERISA plan itself. Accordingly, ERISA preempts the contract claims.") (internal citation

16  omitted).

17      Plaintiff's causes of action for breach of contract, breach of the covenant of good faith

18  and fair dealing, and breach of fiduciary duty, all arise out of the alleged breach of the ERISA

19  plan obligations themselves. Plaintiff recognizes as much. *See* Doc. 11 at 2. Plaintiff's common

20  law claims are preempted by ERISA. Those claims will be dismissed.

21  C. Should the Court grant leave to amend?

22      Plaintiff makes to requests for leave to amend. First, she seeks to allege new causes of

23  action under ERISA. Second, she seeks to reallege two of her three common law claims "in the

24  alternative … in the event that *Rollins* is overturned."

25      Under Rule 15 of the Federal Rules of Civil Procedure, a party may amend her pleading

26  once as a matter of course within twenty-one days after a responsive pleading or Rule 12(b)

27  motion has been filed, whichever is earlier. Fed. R. Civ. P. 15(a)(1). In all other cases, a party

28  may amend his or her pleading only with the opposing party's written consent or with the court's

4

leave. Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend existing claims should be granted unless amendment would be futile—i.e., unless the claim would be subject to immediate dismissal. *Foman v.* Davis, 371 U.S. 178 (1967); *Garmon v. County of Los Angeles*, 828 F.3d 837, 842 (9th Cir. 2016). New claims are generally permitted so long as the new claims are not proposed after undue delay and would not substantially alter the nature of the litigation or require the opposing party to prepare an entirely new course of defense. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). If a new claim relies upon the existing facts and merely incorporates alternative theories of liability, it falls within Rule 15(a)'s policy of promoting litigation on the merits and leave to allege the new claims should be granted. *Morongo*, 893 F.2d at 1079.

Unum's motion to dismiss, filed on August 17, 2016, is a Rule 12(b) motion. Twenty-one days after filing of that motion was September 7, 2016. Plaintiff did not file her opposition and proposed amended complaint until September 12, 2016. Plaintiff may only amend her complaint with Unum's consent or with leave of the Court.

Unum has voiced no objection to Plaintiff's request for leave to allege new causes of action pursuant to ERISA. In fact, Unum specifically suggests that Plaintiff's common law claims fail precisely because ERISA governs. Allowing Plaintiff to allege new ERISA claims does not appear to be futile. *See, e.g.,* FAC, Doc. 11-1 at ¶ 18 (citing 29 U.S.C. § 1132(a)(1)(B) (An ERISA plan beneficiary may bring suit "to recover benefits due to [her] under the terms of his plan, to enforce [her] rights under the terms of the plan, or to clarify [her] rights to future benefits under the terms of the plan.")) Plaintiff will be granted leave to amend her complaint to allege the ERISA claims set out in the first and second causes of action of the proposed FAC.

Plaintiff suggests that she should be permitted to maintain her preempted common law claims because *Rollins*, 2016 WL 3997259, may be overturned. The Court rejects Plaintiff's request for multiple reasons. However the Court need look no further than *Rollins* itself. Even if *Rollins* is overturned   the FPU employee welfare benefit plan will continue to be an ERISA plan. *Rollins* restricts the types of employer entities that qualify for the "church plan" exemption from ERISA. The parties agree that, under *Rollins*, FPU is ineligible for the "church plan"

exemption from ERISA. Doc. 11 at 2; Doc. 12 at 4. However, even assuming that *Rollins* was reversed on that issue, FPU affirmatively elected to have ERISA requirements govern its employee welfare benefit plan. RJN, Exh. A, Doc. 10-1 at 2-3; *see* 29 U.S.C. § 1003(b)(2); 26 U.S.C. § 410(d)(1). FPU's election for ERISA requirements to govern is irrevocable. 26 U.S.C. § 410(d)(2). Whether *Rollins* remains the law has no impact on whether ERISA will continue to govern to the FPU employee welfare benefit plan; in any case, Plaintiff's common law claims will remain preempted.

As to Plaintiff's preempted common law claims, amendment would be futile. Plaintiff's request for to leave to reallege her common law claims will be denied.

### IV. Order

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's common law claims for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty are DISMISSED with prejudice;

2. Plaintiff is GRANTED leave to amend to allege the two ERISA causes of action set forth in her proposed FAC;

3. As no claims remain against Defendant Fresno Pacific University, it is DISMISSED from this action.

IT IS SO ORDERED.

Dated:   September 30, 2016

_____
SENIOR  DISTRICT  JUDGE