Brian H. Kim (State Bar No. 215492)
James P. Keenley (State Bar No. 253106)
Emily A. Bolt (State Bar No. 253109)
BOLT KEENLEY KIM LLP
1010 Grayson Street, Suite Three
Berkeley, California 94710
Phone: (510) 225-0696
Fax: (510) 225-1095

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| APRIL POWELL, | Case No.:   1:16-cv-01197-AWI-SKO |
| Plaintiff, | **FIRST AMENDED COMPLAINT** |
| v. | |
| UNUM LIFE INSURANCE COMPANY OF AMERICA, | |
| Defendant. | |

## INTRODUCTION

1. This case challenges Defendant Unum Life Insurance Company of America's ("Unum") improper and unreasonable termination of Plaintiff April Powell's claims for long-term disability ("LTD") insurance benefits and waiver of life insurance premium ("LWOP") benefits under the Fresno Pacific University Long-Term Disability Plan (the "LTD Plan") and the Fresno Pacific University Life Insurance Plan (the "Life Insurance Plan"). Plaintiff has been and remains disabled under the terms of the LTD Plan and the Life Insurance Plan and entitled to

benefits under both Plans.

## JURISDICTION

2. Plaintiff brings this action for declaratory, injunctive, and monetary relief pursuant to section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). This Court has subject matter jurisdiction over Plaintiff's claim pursuant to ERISA § 502(e) and (f), 29 U.S.C. § 1132(e) and (f), and 28 U.S.C. § 1331.

## VENUE

3. Venue lies in the Eastern District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because the breaches alleged occurred in this District, and the ERISA-governed plan at issue was administered in part in this District. Venue is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District.

## PARTIES

4. At all relevant times, Plaintiff was a participant, as defined by ERISA § 3(7), 29 U.S.C. § 1002(7), in the LTD Plan and the Life Insurance Plan.

5. At all relevant times, the LTD Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored Fresno Pacific University ("Fresno Pacific"). At all relevant times, the Life Insurance Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1), sponsored Fresno Pacific University ("Fresno Pacific"). Unum was and remains the de facto co-plan administrator and claims fiduciary of the LTD Plan and the Life Insurance Plan.

6. At all relevant times, Plaintiff was employed by Fresno Pacific and as such was enrolled in the LTD Plan and the Life Insurance Plan, to wit: a group LTD policy issued by Unum, Policy No. 349873 001 (the "LTD Policy") and a group life insurance policy issued by Unum, Policy No. 147812 (the "Life Insurance Policy"). As payor of benefits and the claims administrator of the LTD Plan and the Life Insurance Plan, Unum operates under a structural

conflict of interest.  *Abatie v. Alta Health and Life Ins. Co.*, 458 F.3d 466 (9th Cir. 2006)(en banc) and *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008).

## FACTS

7.  At all relevant times under the LTD Plan, LTD Policy and California law, Plaintiff would be entitled to LTD benefits is she became disabled, i.e. unable to perform the material and substantial duties of her regular occupation in the usual and customary way with reasonable continuity due to sickness or injury.  At all relevant times under the Life Insurance Plan, Life Insurance Policy and California law, Plaintiff would be entitled to LWOP benefits provided that if Plaintiff became "disabled," defined as unable to perform the duties of any gainful occupation (earning at least 60% of her predisability earnings) in light of her training, education or experience.

8.  While the LTD Plan and Life Insurance Plan were in full force and effect, Plaintiff became disabled and unable to work in April 2012 due to symptoms (including but not limited to headaches, vertigo, fatigue, cognitive impairment and anxiety) arising from a stroke Plaintiff suffered on October 6, 2010, and was therefore entitled to LTD benefits and LWOP benefits.  Plaintiff applied for LTD benefits and LWOP benefits under the LTD Plan and the Life Insurance Plan.  Plaintiff remains disabled and entitled to ongoing LTD and LWOP benefits under the LTD Plan and the Life Insurance Plan and California law.

9.  On December 13, 2013, Defendant approved Plaintiff's claim for LTD benefits, but improperly mischaracterized her disability as due to a medical condition of Major Depressive Disorder and Anxiety Disorder, with the intent of limiting LTD benefits to 24 months of payments under the LTD Policy's mental health limitation provisions, which limits LTD benefits to 24 months for "disabilities due to mental illness."

10.  In letters dated July 15, 2014 and July 16, 2014, Defendant terminated Plaintiffs' claims for LTD and LWOP benefits, despite the fact that Plaintiff continued to be disabled and entitled to said benefits on an ongoing basis.

CASE NO.   1:16-cv-01197-AWI-SKO                      3                      FIRST AMENDED COMPLAINT

11. On December 9, 2014, Plaintiff appealed Defendant's termination of LTD and LWOP benefits, providing comprehensive medical evidence substantiating her ongoing disability due to physical medical conditions and her ongoing entitlement to LTD benefits and LWOP benefits under the LTD Plan, the Life Insurance Plan and California law.

12. Despite the comprehensive medical evidence substantiating her ongoing disability and ongoing entitlement to LTD benefits and LWOP benefits, on May 14, 2015, Defendant denied her appeal.

13. As a proximate result of Defendant's actions, Plaintiff has been damaged as set forth in paragraphs 14 through 16, below.

14. As a result of Defendant's actions, and each of them, Plaintiff has been improperly denied LTD benefits and LWOP benefits, together with interest thereon, and has suffered further and severe economic hardship.

15. As a result of the actions of Defendant, and each of them, Plaintiff has suffered emotional distress and anxiety in an amount to be shown at trial.

16. As a further result of the actions of Defendant, Plaintiff has been forced to engage the services of legal counsel for the purposes of obtaining her insurance benefits.

**FIRST CAUSE OF ACTION**
**(Claim for LTD Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant)**

17. Plaintiff incorporates Paragraphs 1 through 16 as though fully set forth herein.

18. ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan, and/or to clarify her rights to future benefits under the terms of a plan.

19. At all relevant times, under the terms of the LTD Plan and LTD Policy as set forth in the governing plan instruments, Plaintiff became and remains entitled to long-term disability benefits under the LTD Plan and LTD Policy.

20. By terminating Plaintiff's claim for benefits, and by related acts and omissions, Defendant has violated, and continues to violate, the terms of the LTD Plan and LTD Policy and Plaintiff's rights thereunder. Defendant's refusal to pay Plaintiff benefits violates the terms of the LTD Plan and LTD Policy, and Defendant's actions in administering Plaintiff's claim and in denying benefits were wrongful and an abuse of discretion. At all material times herein, Defendant failed and refused to honor the terms of the LTD Plan and LTD Policy.

21. Furthermore, because Defendant's denials occurred after January 1, 2012, any discretionary authority conferred by the LTD Plan and LTD Policy on Defendant is null and void under after the California Insurance Code § 10110.6 and Defendant's decision must be decided under a de novo standard of review. *See, e.g., Polnicky v. Liberty Life Assur Co.*, 999 F.Supp.2d 1144, 1150 (N.D. Cal. 2013).

22. As a proximate result of Defendant's actions, Plaintiff has been deprived of her benefits to which she was and is entitled and has suffered damages as set forth above. Plaintiff further seeks a declaration as to her entitlement to future LTD benefits, as follows: an injunction prohibiting Defendant from terminating or reducing her LTD benefits until the end of the maximum benefit period.

**SECOND CLAIM FOR RELIEF**
**[Claim for Life Insurance Waiver of Premium Benefits Pursuant to ERISA § 502(a)(1)(B) Against Defendant]**

23. Plaintiff incorporates paragraphs 1 through 22 as through fully set forth herein.

24. ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B), permits a plan participant to bring a civil action to recover benefits due to her under the terms of a plan, to enforce her rights under the terms of a plan, and/or clarify her rights to future benefits under the terms of a plan.

25. At all relevant times, Plaintiff has been entitled to LWOP benefits under the Life Insurance Plan and Life Insurance Policy by virtue of being Disabled under the terms of the Life Insurance Plan and Life Insurance Policy. By denying Plaintiff's claim for LWOP benefits under the Life Insurance Plan and Life Insurance Policy and by related acts and omissions,

Defendant has violated, and continues to violate, the terms of the Life Insurance Policy and Plaintiff's rights thereunder.

26. Furthermore, because Defendant's denials occurred after January 1, 2012, any discretionary authority conferred by the Life Insurance Plan and Life Insurance Policy on Defendant is null and void under after the California Insurance Code § 10110.6 and Defendant's decision must be decided under a de novo standard of review. *See, e.g., Polnicky v. Liberty Life Assur Co.*, 999 F.Supp.2d 1144, 1150 (N.D. Cal. 2013).

27. As a proximate result Defendant's actions, Plaintiff has been deprived of her LWOP benefits to which she was and is entitled and has suffered damages as set forth above in paragraphs 14-16. Plaintiff further seeks a declaration as to her entitlement to future LWOP benefits, as follows: an injunction prohibiting Defendant from terminating or reducing her LWOP benefits until the end of the maximum benefit period as set forth in the Life Insurance Plan and Life Insurance Policy.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court grant the following relief:

A. Declare that Defendant violated the terms of the LTD Plan and LTD Policy by denying Plaintiff's claim for LTD benefits;

B. Order that Defendant pay Plaintiff's disability benefits owed under the terms of the LTD Plan and LTD Policy through to the date that judgment is rendered herein, together with prejudgment interest on each and every such payment through to the date that judgment is rendered herein;

C. Declare Plaintiff's right to receive future LTD benefits under the terms of the LTD Plan and LTD Policy;

D. Prohibit Defendant from terminating or reducing Plaintiff's LTD benefits until the end of the maximum benefit period as set forth in the LTD Plan and LTD Policy;

E.   Order Defendant to reinstate Plaintiff's right to receive the LWOP benefits under the Life Insurance Plan and the Life Insurance Policy, retroactive to Defendant's termination of LWOP benefits;

F.   Declare Plaintiff's right to receive future LWOP benefits under the terms of the Life Insurance Plan and Life Insurance Policy;

G.   Prohibit Defendant from terminating or reducing Plaintiff's LWOP benefits until the end of the maximum benefit period as set forth in the Life Insurance Plan and Life Insurance Policy;

H.   Award Plaintiff attorneys' fees and costs of suit incurred herein pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g);

I.   Award prejudgment interest on all benefits owed under the terms of the LTD Plan and Life Insurance Plan that have accrued prior to the judgment;

J.   Provide such other relief as the Court deems equitable and just.

Dated:  September 30, 2016                              Respectfully submitted,

BOLT KEENLEY KIM LLP

By:/s/ Brian H. Kim
    Brian H. Kim
    Attorneys for Plaintiff

CASE NO.   1:16-cv-01197-AWI-SKO                7                FIRST AMENDED COMPLAINT